IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**WILLIAM BRUMFIELD,**

        **Plaintiff,**

v.                                                                       **Case No.: 3:15-cv-14127**

**GOODYEAR TIRE & RUBBER CO.,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

      Currently before the Court are three motions filed by Plaintiff. (ECF Nos. 16, 17, 21). Two of the motions ask the Court to order the United States Marshals Service to transport Plaintiff to various places in West Virginia and elsewhere. (ECF No. 16, 21). Those motions are **DENIED**. The United States Marshals Service is a federal law enforcement agency. As a general rule, the Marshals Service only transports individuals who are in custody. The Marshals Service is not authorized to escort individuals around the state and country to facilitate their running of errands. This is true even when the individuals have civil actions pending in the United States District Court.

      The third motion seeks the appointment of counsel; specifically, the appointment of Christian Capece, Federal Public Defender. (ECF No. 17). This motion is also **DENIED**. Although the Court may, in its discretion, request an attorney to represent Plaintiff in this civil (*not criminal*) action, he has no constitutional right to counsel. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). The United States Court of Appeals for the Fourth Circuit has made it clear that the appointment of counsel

in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975). Whether sufficiently remarkable circumstances exist depends upon the complexity of the claims and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir.1984); *see also Branch v. Cole,* 686 F.2d 264, 266. ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") Here, Plaintiff fails to present evidence or argument supporting the conclusion that his case meets the high threshold necessary for the appointment of counsel. To the contrary, Plaintiff offers no basis for his request. The Court has examined the record and finds that the claims asserted by Plaintiff are simple; he has apparently presented these claims or other similar claims before; he has significant experience in the judicial system, and he is quite capable of presenting his claims without representation. Therefore, the circumstances do not justify the appointment of counsel. In any event, Mr. Capece and the Federal Public Defender's Office provide representation to criminal defendants, not to plaintiffs in civil actions.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to Plaintiff.

ENTERED: November 20, 2015

Cheryl A. Eifert
United States Magistrate Judge