IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM BRUMFIELD,

        Plaintiff,

v.                                        Case No.: 3:15-cv-14127

GOODYEAR TIRE & RUBBER CO.;
JOHN K. KESSINGER;
JANE S. MCELREATH;
MARK S. GANNON;
RICKY L. BRADLEY; and
DON SHIVERS,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDATIONS

On October 15, 2015, Plaintiff filed a *pro se* complaint, (ECF No. 2), against Defendant Goodyear Tire & Rubber Co. ("Goodyear"), and an Application to Proceed Without Prepayment of Fees & Costs. (ECF No. 1). On October 23, 2015, Plaintiff's *in forma pauperis* application was granted, and the Clerk of Court was instructed to issue a summons to Goodyear. Goodyear was subsequently served with the summons and complaint, and filed a Motion to Dismiss and supporting memorandum. (ECF Nos. 31, 32). In the interim, Plaintiff filed an amended complaint, joining Defendants Kessinger, McElreath, Gannon, Bradley, and Shivers. (ECF No. 10). Plaintiff also frequently appeared at the Clerk's office with documentation in support of his complaint and amended complaint. (ECF Nos. 4, 7, 11, 12, 13, 14, 15, 18, 20, 28). After Goodyear filed its Motion to Dismiss, Plaintiff was given an opportunity to respond. (ECF No. 33). On January 27, 2016, Plaintiff filed a response, and has since provided supplementary

materials. (ECF Nos. 35, 36, 37, 38). Therefore, the issues are fully briefed.

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned has thoroughly reviewed the complaint, amended complaint, motion to dismiss, and accompanying legal arguments. Moreover, having the benefit of Plaintiff's exhibits to the complaint, his additional documentation, and the ancillary information supplied by Goodyear, the undersigned has been able to complete an initial screening of the pleadings as they pertain to the individual, non-corporate defendants.

Based upon a comprehensive review, and for the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge dismiss Plaintiff's complaint and amended complaint and remove this action from the docket of the Court. The undersigned further **RECOMMENDS** that the presiding District Judge grant Goodyear's request to consider imposition of a prefiling injunction and issue an order requiring Plaintiff to show cause why the Court should not grant an injunction that would prohibit Plaintiff, without leave of court, from instituting any additional civil action against Goodyear in the Southern District of West Virginia related to or arising from (a) his workers compensation claims and settlement, (b) his Social Security disability benefits; (c) his union payroll checks, and/or (d) any pension, unemployment, or other benefit in any way connected to his employment at Goodyear between 1992 and 1995.

## I.   <u>Relevant Factual History</u>

The events, which lead up to this civil action, began over twenty years ago, when Plaintiff William Brumfield ("Brumfield") worked for Goodyear at its plant in Cartersville,

2

Georgia. (ECF No. 32-1 at 2). In his slightly less than four-year employment with Goodyear, Brumfield sustained three work-related accidents for which he sought workers' compensation benefits. (*Id.* at 2-3). Brumfield retained an attorney, Defendant Jane Stevens (later McElreath), to represent him on the workers' compensation claims, and Goodyear was represented by Defendants Mark Gannon and Ricky Bradley. (*Id.* at 16). In November 1995, the workers' compensation claims were settled, and the settlement agreement was approved by the Georgia Board of Workers' Compensation.[1] (*Id.* at 16-21). While his workers' compensation claims were pending, Brumfield also filed an application for Social Security disability benefits. (ECF No. 32 at 3, 32-3 at 4). His disability application was approved, with an effective date in 1995. However, much to Brumfield's surprise and chagrin, the amount of Social Security benefits he received was reduced in some manner to offset his workers' compensation award. (ECF No. 32-3 at 4).

At some point after the 1995 workers' compensation settlement, and before October 1999, Brumfield filed a lawsuit in the Superior Court of Bartow County, Georgia against Goodyear; Travelers Insurance Co. ("Traveler's"), who was Goodyear's workers' compensation carrier; and John Kessinger, an employee of Travelers Indemnity Co. (ECF No. 32-4 at 2). While the nature of Brumfield's claims against Goodyear, Traveler's, and Kessinger is not clear, the lawsuit was dismissed by the Georgia court on October 19, 1999. (*Id.*). The following year, Goodyear, Travelers Indemnity Co., and a law firm representing them, Shivers & Associates,[2] filed a complaint and request for a temporary restraining

---

[1] Under the settlement agreement, Brumfield received $42,500 and his attorneys received $12,500. (ECF No. 32-2 at 2). In 1996, Brumfield filed a claim, challenging one provision of the settlement agreement. The matter was heard by an administrative law judge, who determined that the provision was ambiguous and should be construed in Brumfield's favor. Accordingly, he was awarded an additional $5,000. (ECF No. 32-2). Brumfield also sought late fees and penalties, but that request was denied. (*Id.*).

[2] Defendant Don Shivers was an attorney at Shivers & Associates. (ECF No. 32-4 at 1).

3

order against Brumfield in the Superior Court of Bartow County. The complaint alleged that Brumfield had been making harassing telephone calls to the plaintiffs' employees, was trespassing on their property, and continued to serve them with documents even though his lawsuit had been dismissed.

On December 29, 2000, the Superior Court granted a temporary restraining order to plaintiffs and set the matter for hearing on January 25, 2001. (ECF No. 32-4 at 3). After conducting a hearing, the Superior Court entered an order on January 30, 2001, granting the plaintiffs a permanent injunction and restraining order against Brumfield. The order prohibited Brumfield from calling any of the plaintiffs' employees, serving documents on them, and placing paperwork on their vehicles. In addition, he was forbidden from trespassing on the plaintiffs' property. (*Id.*) The Superior Court found that Brumfield had willfully violated prior court orders; specifically, a 1999 prefiling injunction entered at the time Brumfield's case against Goodyear, Traveler's, and Kessinger was dismissed, and the Court's temporary restraining order entered just one month earlier. The Superior Court warned Brumfield that any future violations would result in his immediate arrest and incarceration. (*Id.* at 4).

Unfortunately, Brumfield did not heed the Superior Court's warning. Some months after the permanent restraining order was entered, Brumfield was arrested for trespassing on Goodyear's property and was jailed for twenty one days. (ECF No. 28 at 1). Then, in February 2002, Defendant Kessinger swore out a complaint for Brumfield's arrest on a charge of aggravated stalking. (ECF No. 2-2 at 30). Brumfield was arrested and held without bond. (ECF No. 28 at 2). On June 10, 2003, he was sentenced by the Superior Court of Bartow County to a term of ten years, with one year to serve and nine years of probation. (ECF No. 2-2 at 29). According to Brumfield, he spent a number of

years thereafter moving between the Georgia correctional system and its mental health care providers. (ECF No. 28 at 3-4).

In November 2009, Brumfield was examined for a lesion on the right side of his face. (ECF No. 2-2 at 24). Brumfield told the examining physician that he had been incarcerated for stalking at Goodyear, and had subsequently been hospitalized at a psychiatric facility for treatment of schizophrenia. Brumfield believed that psychotropic medications given to him at the facility had produced the lesion. (*Id.*). The lesion was ultimately diagnosed as cancer, and Brumfield underwent facial surgery, causing him to lose his right eye and right ear. (*Id.* at 29). In light of his diagnosis, the Superior Court of Bartow County terminated Brumfield's probation two years early, releasing him on July 6, 2010. (*Id.*). After his discharge from probation, Brumfield traveled between Georgia and his birthplace, West Virginia.

As evidenced by his subsequent actions, Brumfield's incarceration, illness, and early release from probation did nothing to lessen his aggravation with Goodyear, Travelers, and the attorneys involved in his 1995 workers' compensation case. On May 9, 2012, a twelve-month stalking protective order was entered in the Superior Court of Bartow County, Georgia prohibiting Brumfield from harassing, interfering, or intimidating Defendant Jane McElreath and the members of her family. (ECF No, 2-2 at 38). Brumfield was ordered to refrain from contacting Ms. McElreath directly or indirectly through the television, newspaper, internet, or radio, and from approaching within 100 yards of her or her family members. On August 23, 2012, Brumfield wrote a letter to the U.S. Department of Justice, Criminal Division, in Washington, D.C., alleging "corruption within" Goodyear and Travelers. (ECF No. 15). On June 4, 2014, Brumfield lodged a complaint with the West Virginia Securities Commission, claiming that

Goodyear had violated the West Virginia Uniform Securities Act. (ECF No. 2-2 at 31). This complaint required a response from Goodyear, but eventually resulted in a dismissal of the complaint on February 2, 2015, with no clear violation being established. (*Id.*). On October 23, 2015, Goodyear's senior counsel sent Brumfield a letter reminding him of the 2001 permanent injunction and restraining order, and requesting that Brumfield desist from making any further telephone contacts with employees of Goodyear. (ECF No. 11).

## II.   **Relevant Federal Litigation**

In addition to the various state proceedings and filings described above, Brumfield instituted numerous federal court actions asserting claims arising from or related to his workers' compensation settlement and/or Social Security disability benefits. Several lawsuits have included some of the same defendants that are named in the instant action, and all of the suits have ended in dismissal. They include the following:

1.   *Brumfield v. Goodyear*
     4:03-cv-00076
     United States District Court for the
     Northern District of Georgia, Rome Division
     Filed:  March 19, 2003
     Dismissed for lack of jurisdiction:  April 14, 2003

2.   *Brumfield v. State of Georgia*
     4:03-cv-00088
     United States District Court for the
     Northern District of Georgia, Rome Division
     Filed:  April 8, 2003
     Dismissed for failure to state a claim:  May 13, 2003

3/4.  *Brumfield v. McElreath, Goodyear, Travelers Insurance Co., et al.*
     4:03-cv-00092; 4:03-cv-00106
     United States District Court for the
     Northern District of Georgia, Rome Division
     Filed:  April 15 and May 13, 2003
     Consolidated and dismissed for lack of jurisdiction:  July 14, 2003

5.    *Brumfield v. McElreath, Goodyear, Kessinger, et al.*
     4:03-cv-00167

6

United States District Court for the
Northern District of Georgia, Rome Division
Filed:  July 31, 2003
Dismissed for lack of jurisdiction:  September 2, 2003

6.   *Brumfield v. McElreath, Goodyear, Shivers, Kessinger, et al.*
     1:03-cv-02690
     United States District Court for the
     Northern District of Georgia, Atlanta Division
     Filed:  September 9, 2003
     Dismissed as frivolous:  January 14, 2004

7.   *Brumfield v. George W. Bush, Georgia State Bureau of Workers Compensation, et al.*
     1:03-cv-03925
     United States District Court for the
     Northern District of Georgia, Atlanta Division
     Filed:  December 17, 2003
     Dismissed as frivolous:  February 5, 2004

8.   *Brumfield v. Georgia State Bureau of Workers Compensation*
     1:03-cv-03961
     United States District Court for the
     Northern District of Georgia, Atlanta Division
     Filed:  December 19, 2003
     Dismissed under three strikes rule: January 8, 2004

9.   *Brumfield v. Colvin*
     2:10-cv-01190
     United States District Court for the
     Southern District of West Virginia, Charleston Division
     Filed:  October 6, 2010
     Dismissed for failure to exhaust administrative remedies:  January 21, 2011

10.  *Brumfield v. Colvin, McElreath, et al.*
     2:14-cv-11847
     United States District Court for the
     Southern District of West Virginia, Charleston Division
     Filed:  March 7, 2014
     Dismissed for failure to exhaust administrative remedies and failure to state a claim: August 19, 2014

11.  *Brumfield v. Goodyear*
     4:15-cv-00117
     United States District Court for the
     Northern District of Georgia, Rome Division
     Filed:  July 13, 2015

Transferred to Atlanta Division: August 7, 2015
1:15-cv-02796
Dismissed for failure to serve the defendant: January 5, 2016

## III.    **The Instant Action**

Brumfield filed the instant action on October 15, 2015. (ECF No. 2). The complaint named only Goodyear as a defendant, and it alleged that Goodyear owed Brumfield back pay and other amounts related to the settlement of a workers' compensation claim. Brumfield's Application to Proceed Without Prepayment of Fees & Costs was granted; accordingly, a summons was issued to Goodyear and its Chief Executive Officer, and service was effected pursuant to Rule 4, Federal Rules of Civil Procedure. (ECF Nos. 5, 8, 9). Before service on Goodyear could be accomplished, however, Brumfield filed an amended complaint, adding Kessinger, McElreath, Gannon, Bradley, and Shivers as defendants. (ECF No. 10). Brumfield claimed that Kessinger, Gannon, Bradley, and Shivers were representatives of Travelers. He stated that these men, as well as Ms. McElreath, Travelers, and Goodyear, owed him back pay and other money related to his workers' compensation claim and settlement. (*Id.*). Brumfield demanded over one billion dollars in damages.

On December 28, 2015, Goodyear filed a motion, seeking a dismissal of the complaint, and a supporting memorandum.[3] (ECF Nos. 31, 32). Goodyear argues that it is entitled to a dismissal of all claims against it, because the complaint fails to comply with the Federal Rules of Civil Procedure, fails to state a compensable claim, states claims barred by the doctrine of res judicata, and states claims that are barred by the applicable statutes of limitations. (ECF No. 31). In addition to demanding a dismissal of the

---

[3] Goodyear did not specifically ask for dismissal of the amended complaint. However, the amended complaint was never served on Goodyear. To the extent the amended complaint includes allegations against Goodyear, the undersigned has considered them as part of Goodyear's motion to dismiss.

8

complaint, Goodyear seeks a prefiling injunction from this Court, prohibiting Brumfield from filing any similar actions against Goodyear in the United States District Court for the Southern District of West Virginia without prior leave of court. (*Id.*).

## IV.   <u>**Standard of Review**</u>

Two related standards of review apply in the present action. When an individual files a complaint with an application to proceed *in forma pauperis,* the court must screen the tendered complaint to determine if any part of it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Brumfield's application to proceed *in forma pauperis* against Goodyear was granted; however, he now wishes to proceed *in forma pauperis* on his amended complaint against Defendants Kessinger, McElreath, Gannon, Bradley, and Shivers. Thus, his amended complaint will be examined under the first standard of review; that being, the screening provisions of 28 U.S.C. § 1915(e)(2)(B).

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.") A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Denton v. Hernandez,* 504 U.S. 25, 31-32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'").

9

A complaint fails to state a compensable claim when, upon viewing the well-pled factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility requires allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The Supreme Court described "facial plausibility" as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted). Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007)).

The second standard of review relates to Goodyear's motion to dismiss the complaint for failure to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Goodyear asserts that Brumfield has failed to allege any facts that are adequate to state a cognizable *prima facie* case against Goodyear. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570).[4] While the Court is required to accept as true the factual allegations asserted in the complaint, it is not required to accept the legitimacy of legal conclusions that are "couched as … factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic Corp*, 550 U.S at 555). "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. "If as a matter of law 'it is clear that no relief could be granted under any set of facts that

---

[4] In the course of prosecuting his claims, Brumfield has provided the Court with voluminous documentation in support of his complaint. (*See* ECF Nos. 2-1, 2-2, 4, 11, 12, 13, 14, 15, 18, 20, 28, 35-1, 36, 37). Goodyear has also provided a few supplemental, but related documents. (*See* ECF No. 32-1, 32-2, 32-3, 32-4). Additionally, the undersigned has obtained records from Brumfield's federal court cases through the PACER and CM/ECF federal court document systems. "Matters outside of the pleadings are generally not considered in ruling on a Rule 12 motion." *Williams v. Branker,* 462 F. App'x 348, 352 (4th Cir. 2012). If a court takes into account materials outside of the pleadings, then "the motion must be treated as one for summary judgment," and the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, in considering "whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). A court may also consider evidence integral to the complaint (if there is no dispute as to the evidence's authenticity) and matters of public record in deciding a motion to dismiss without converting the motion into one for summary judgment. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The undersigned considered the additional documentation to some degree in assessing the motion to dismiss and in screening the amended complaint. However, the motion to dismiss shall not be treated as a motion for summary judgment for the simple reason that without the additional documentation, the undersigned could not have begun to understand the nature of Brumfield's claims. Thus, these materials have proven integral to the *pro se* complaint. Given that Brumfield supplied much of the non-public documentation, and neither party has challenged the authenticity of any of the materials supplied, the complaint has been evaluated in light of and along with the additional submissions. The undersigned further notes that Brumfield has made the same or similar claims in numerous forums over the past twenty years. He has produced much of the same documentation in other actions. Therefore, allowing him to supplement the complaint with additional materials and public records as part of the undersigned's initial screening and review best accommodates the ends of justice.

could be proved consistent with the allegations,' a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

In the context of a *pro se* complaint, such as the one filed in this civil action, the court must liberally construe the allegations. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a cause of action that is cognizable in federal court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## V.    **Analysis**

Having thoroughly considered the complaint and amended complaint, the undersigned **FINDS** that: (1) the claims against Goodyear should be dismissed on three of the four grounds raised in its motion to dismiss; (2) the claims against Kessinger, McElreath, Gannon, Bradley, and Shivers cannot survive the initial screening; and (3) the Court should grant Goodyear's request to consider imposition of a prefiling injunction and issue an order requiring Brumfield to show cause why the Court should not grant an injunction that would prohibit Brumfield, without leave of court, from instituting any additional civil action **against Goodyear** in the Southern District of West Virginia related to or arising from (a) his workers compensation claims and settlement, (b) his

Social Security disability benefits; (c) his union payroll checks, and/or (d) any pension, unemployment, or other benefit in any way connected to his employment at Goodyear between 1992 and 1995.

### A.  The Complaint Fail to Comply with Rules 8 and 10, Fed. R. Civ. P

Goodyear contends that the complaint should be dismissed, because the complaint is "incoherent, incomprehensible," and fails to meet "the basic pleading requirements of Rules 8(a) and 10(b)." (ECF No. 32 at 7-8). Federal Rule of Civil Procedure 8(a) sets forth the key elements of a complaint. According to the Rule, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction [absent an exception] ... a short and plain statement of the claim showing that the pleader is entitled to relief ... and a demand for the relief sought ...." Federal Rule of Civil Procedure 10 provides the format that a pleading should follow, indicating that the pleading should have a caption, a title, a file number, and numbered paragraphs, each limited to a single set of circumstances. Brumfield's complaint does not comply with Rules 8 and 10 for several reasons. First, he provides no basis for this Court's jurisdiction over any of the named defendants, or over the subject matter of the action. Second, his claim against Goodyear is not "plain" from the complaint. Indeed, Goodyear's description of the complaint as a "hodgepodge of unconnected grievances" is accurate. (*Id.* at 9). Finally, although Plaintiff's complaint contains paragraphs, the paragraphs fail to communicate a logical, connected series of events showing that Brumfield is entitled to relief.

### B.  The Complaint Fails to State a Compensable Claim

While Brumfield's pleadings are puzzling, they clearly communicate his dissatisfaction with the 1995 workers' compensation settlement. Furthermore, Brumfield apparently alleges that Goodyear is responsible for him receiving psychiatric care in

2007-2008, which required the use of psychotropic medication. He claims that this medication caused him to develop a cancerous lesion on his face, which resulted in extensive surgery and left him without his right eye and right ear. In addition, Brumfield contends that Goodyear owes him unemployment compensation, pension benefits, reimbursement for payroll deductions taken between 1992 and 1995, and other payments related to his workers' compensation settlement.

With respect to Brumfield's assertions regarding psychiatric treatment and a cancer diagnosis he received years after leaving employment with Goodyear, Brumfield includes no factual allegations in the complaint that state a plausible connection between Goodyear and these subsequent events. Likewise, Brumfield provides no factual or legal basis for his claims that Goodyear owes him compensation and benefits. Instead, Brumfield indicates that certain deductions were taken from his paycheck in 1992 through 1995, and, *ipse dixit*, he is now entitled to one billion dollars. In regard to the workers' compensation settlement, Brumfield alleges that Goodyear was ordered to pay a $55,000 settlement. Brumfield concedes that this amount of money was paid by Goodyear's workers' compensation carrier to Brumfield's attorney. Nonetheless, Brumfield contends, without any rational explanation, that he is entitled to be paid amounts in excess of those detailed in the settlement agreement to compensate him further for his twenty-year old workers' compensation claims. Conclusory allegations of wrongdoing and entitlement without factual underpinnings and a legal theory of recovery are insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 686. Brumfield's complaint, even when viewed liberally, in conjunction with all of the documentation supplied by Brumfield, and in the light most favorable to him, simply does not raise his right to relief above a most highly speculative level. Accordingly, the complaint should be dismissed.

### *C.  The Complaint is Barred by Res Judicata*

Goodyear argues that the complaint should be dismissed against it under the rule of res judicata. Pointing to the lawsuit Brumfield brought in this court in 2014, Goodyear contends that Brumfield asserted the same general claims in that action against Bob Laski, an employee of Goodyear, as Brumfield now asserts in this action against Goodyear. Goodyear argues that since Bob Laski was only sued in his capacity as Goodyear's payroll employee, Goodyear was a privy to that suit through Laksi. Consequently, when the claims against Laski were resolved by dismissal, the claims against Goodyear were likewise resolved. (ECF No. 32 at 11-13).

"Under the doctrine of res judiciata 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). "To establish a res judicata defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Jones v. SEC,* 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotation marks omitted). Res judicata not only "bar[s] claims that were raised and fully litigated," but also "'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors v. E. Auto Distrib.,* 892 F.2d 355, 359 (4th Cir. 1989) (quoting *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)).

Before addressing the 2014 lawsuit, the undersigned takes judicial notice of a lawsuit filed by Brumfield in the United States District Court for the Northern District of

15

Georgia, Atlanta Division, on September 9, 2003. *See Brumfield v. McElreath, et. al.,* Case No. 1:03-cv-02690 at ECF No. 1. In that action, Brumfield sued Goodyear, McElreath, Shivers, Kessinger, and Gannon, as well as several other individuals, including an employee of Travelers, the Georgia Board of Workers Compensation, and a senior judge of the Superior Court of Bartow County, Georgia. Brumfield's allegations centered on his workers' compensation claims against Goodyear; the settlement of those claims; the reporting of the settlement; his Social Security disability benefits; acts of fraud by the defendants in relation to those transactions; and various other payroll, savings bonds, benefits, and compensations allegedly owed to Brumfield by Goodyear. On January 13, 2004, United States District Judge J. Owen Forrester entered an Order finding that Brumfield had already filed three other lawsuits in the Northern District of Georgia, while he was incarcerated, that had been dismissed as frivolous, including two other cases against Goodyear and McElreath (Case Nos: 4:03-cv-106 and 4:03-cv-167). *Id.* at ECF No. 3. Judge Forrester found Brumfield's current lawsuit was, therefore, barred under the three strikes provision of 28 U.S.C. § 1915(g) unless Brumfield was "under imminent danger of serious physical injury." Judge Forrester concluded that Brumfield was not in any danger; accordingly, he denied Brumfield leave to proceed with the action *in forma pauperis.* On March 15, 2004, Judge Forrester entered a second Order, dismissing Case No. 1:03-cv-02690 as frivolous under the screening provisions of 28 U.S.C. § 1915(e). *Id.* at ECF No. 4.

A dismissal under 28 U.S.C. § 1915(e) "is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute." *Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Consequently, such a dismissal "does not prejudice the filing of a paid complaint making the same

allegations." *Id.* On the other hand, when a litigant seeks to file redundant complaints at the government's expense, the rule changes. In that event, a prior dismissal under § 1915(e) "could ... have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." *Id.*; *see, e.g. Hemphill v. Beasley,* 944 F.2d 901 (4th Cir. 1991) (per curiam) (unpublished); *Corbin v. Johnson*, No. 5:11-CV-456-FL, 2012 WL 3266725, at *5 (E.D.N.C. Feb. 24, 2012) *report and recommendation adopted,* No. 5:11-CV-456-FL, 2012 WL 3266592 (E.D.N.C. Aug. 9, 2012) *aff'd,* 519 F.App'x 200 (4th Cir. 2013) (collecting cases). Here, Brumfield seeks to proceed *in forma pauperis* against Goodyear and others, many of whom he has sued before. The allegations against Goodyear in the instant action arise from the same essential transactions, events, and purported misconduct he has asserted against Goodyear at least twice before in actions previously filed and dismissed. Of particular relevance, the same allegations were filed against Goodyear in Case No. 1:03-cv-02690 and were dismissed by Judge Forrester after making a finding of frivolousness under § 1915(e). As Brumfield seeks to resurrect those claims in this *in forma pauperis* complaint, his action against Goodyear is barred under the doctrine of res judicata.

Moreover, in the complaint Brumfield filed with this Court in March 2014, he named Defendant McElreath and various other individuals, including Bob Laski, an employee of Goodyear, purportedly in its payroll department. *See Brumfield v. Colvin, et al,* Case No. 2:14-cv-11847 at ECF No. 1. Although Brumfield expanded his customary grievances to include other defendants who had ostensibly committed wrongs only tangentially related to Goodyear and the original workers' compensation settlement, the allegations against Laski revolved around payroll, compensation, benefit, and savings bond payments. Naturally, the workers' compensation settlement and Brumfield's Social

Security disability benefits figured prominently in the complaint. (*Id.*). On July 7, 2014, Magistrate Judge Tinsley issued an order granting Brumfield's application to proceed *in forma pauperis* and filed a Proposed Findings of Fact and Recommendations ("PF&R"). (*Id.* at ECF Nos. 14, 15). After recommending dismissal of Brumfield's claims against the Social Security Administration for lack of jurisdiction, Judge Tinsley recommended that the remaining claims against the other defendants be dismissed for lack of personal jurisdiction and for failure to state a claim. (*Id.* at ECF No. 15). Judge Tinsley concluded that the complaint lack sufficient facts to state a facially plausible claim against any of the defendants and, thus, were subject to dismissal under 28 U.S.C. § 1915(e). On August 19, 2014, the presiding District Judge adopted the PF&R and dismissed the complaint.

Goodyear claims res judicata based upon its master/servant relationship with Defendant Bob Laski. "To be in privity with a party to previous litigation, the nonparty must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Barnett v. Commtec/Pomeroy Computer Res., Inc.*, 439 F. Supp. 2d 598, 604 (S.D.W. Va. 2006) (quoting *Jones v. SEC,* 115 F.3d 1173, 1180 (4th Cir. 1997)). In the 2014 litigation, Brumfield joined Bob Laski specifically because of his position in Goodyear's payroll department, and the claims against Laski were essentially the same claims Brumfield had asserted against Goodyear in the past and in this instant action. For that reason, the undersigned agrees with Goodyear that it was a privy to the 2014 litigation through Defendant Laski. Consequently, the same analysis applied to Brumfield's 2003 Georgia District Court case can be used with the 2014 action. Brumfield filed an *in forma pauperis* complaint asserting claims against Goodyear that were dismissed for failure to state a claim under § 1915(e). As a result, Brumfield is precluded from bringing the same

allegations arising from the same operative facts in a second *in forma pauperis* complaint.

### D.  The Statute of Limitations Defense is Premature

Lastly, Goodyear argues that any claims against it are barred by the applicable statutes of limitations. "Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed.R.Civ.P. 8(c), and the burden of establishing the affirmative defense rests on the defendant. It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007). Nevertheless, "in the relatively rare circumstances" where all of the facts necessary to evaluate an affirmative defense are apparent on the face of the complaint, the court may rule on the defense when considering a Rule 12(b)(6) motion. *Id.*

Although the precise nature of Brumfield's claims against Goodyear is unclear, the complaint, including its attached exhibits, plainly establishes that (1) Brumfield worked for Goodyear in Georgia from January 1992 through November 1995; and (2) the relationship between Brumfield and Goodyear terminated with a settlement agreement that was approved by the Georgia Board of Workers' Compensation on November 29, 1995. Given the nearly twenty years that have elapsed between the cessation of Brumfield's employment with Goodyear and the filing of the present lawsuit, Goodyear contends that there is no cause of action Brumfield could possibly lodge against Goodyear that would not be time-barred by an applicable statute of limitations. (ECF No. 32 at 10-11). In support of its position, Goodyear cites to a sampling of Georgia's relevant statutory

limitations periods, all of which contain limitations periods of less than ten years.

While Goodyear's argument is well-taken, the undersigned finds that it is made prematurely. In order to confirm the accuracy of Goodyear's position, additional discovery would likely need to be conducted to determine the existence of Brumfield's alleged psychiatric diagnoses and treatment, as well as the effect, if any, they had on the running of applicable limitations periods. *See* O.G.C.A. §§ 9-3-90, 9-3-91. Such an exercise is unnecessary, however, because Brumfield's complaint should be dismissed on the grounds previously addressed.

### E.  The Complaint Fails to State a Compensable Claim Against the Remaining Defendants

The undersigned has conducted an initial screening of the claims asserted against the remaining defendants and finds that the complaint, in its entirety, lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. at 325. First, Brumfield seeks to sue Gannon and Bradley, attorneys for Goodyear in the 1995 workers' compensation settlement. Brumfield complains that Gannon and Bradley failed to sign the settlement agreement, and they received money from McElreath's trust account. However, Brumfield identifies no duty breached, no law violated, and no harm incurred by these alleged actions. Second, he sues McElreath for forgery and fraud, but states neither claim with particularity. He alleges that McElreath never gave him his share of the workers' compensation settlement, yet he simultaneously produces copies of checks written to him by McElreath, which indicate that this allegation is not correct. In any event, Brumfield provides no basis in law or fact establishing this Court's jurisdiction over McElreath. Lastly, with respect to Shivers and Kessinger, Brumfield makes no specific allegations of wrongdoing against them; instead, he simply asks the Court to order them to pay him

various amounts of money for his workers' compensation claims.

Not only are Brumfield's assertions against the remaining defendants frivolous, but he has made these very same or similar assertions in the past. Moreover, like the complaint against Goodyear, the complaint and amended complaint against Kessinger, Shivers, McElreath, Gannon, and Bradley implicate, for the most part, actions by these defendants that purportedly occurred twenty years ago. Despite multiple attempts, Brumfield has simply been unable to state factual allegations against the defendants that give rise to a cognizable and plausible cause of action. Accordingly, the complaint cannot survive the initial screening mandated by § 1915(e) and should be dismissed.

### F. Goodyear is Entitled to Consideration of a Prefiling Injunction

By way of a sanction to punish Brumfield for filing duplicative and vexatious lawsuits, Goodyear asks the Court to grant it a prefiling injunction, prohibiting Brumfield from filing any additional lawsuits against it in the Southern District of Western Virginia that arise from or relate to the matters raised in this civil action. Goodyear concedes that such a measure should be rarely implemented, but argues that Brumfield's longstanding harassment of Goodyear justifies this exceptional relief. (ECF No. 32 at 13-14).

Although federal courts have the authority to prevent a litigant from filing repetitive and vexatious lawsuits, it is well-accepted that this authority must be used sparingly. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (holding that "[s]uch a drastic remedy must be used sparingly ... consistent with constitutional guarantees of due process of law and access to the courts.") (citing U.S. Const. amend. XIV, § 1). Access to the courts is a fundamental constitutional protection, which is "the right conservative of all other rights, and lies at the foundation of orderly government." *Chambers v. Baltimore & Ohio R.R. Co.,* 207 U.S. 142, 148, 28 S.Ct. 34, 52 L.Ed. 143

(1907). For that reason, only exigent circumstances, "such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," can justify imposition of a prefiling injunction. *Cromer,* 390 F.3d at 818 (quoting *Brow v. Farrelly,* 994 F.2d 1027, 1038 (3d Cir. 1993)). In the case of a *pro se* plaintiff, "use of such measures ... should be approached with particular caution" and should "remain very much the exception to the general rule of free access to the courts." *Id.* (quoting *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir. 1980)).

When considering the merits of a motion seeking imposition of a prefiling injunction, the court "must weigh all the relevant circumstances," including the following factors identified by the United States Court of Appeals for the Fourth Circuit:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Miles v. Angelone*, 483 F. Supp. 2d 491, 495 (E.D. Va. 2007) (quoting *Cromer,* 390 F.3d at 818) "If after weighing the factors a judge determines that a prefiling injunction is proper, the injunction must be 'narrowly tailored to fit the specific circumstances at issue.'" *Id.* "Furthermore, before issuing even a narrowly tailored prefiling injunction, the litigant must be provided notice and an opportunity to be heard." *Id.* (citing *Cromer,* 390 F.3d at 819).

Beginning with the first factor, Brumfield has filed numerous lawsuits against Goodyear and employees/agents of Goodyear over the past fifteen to twenty years, alleging the same vague claims of malfeasance. Even though Brumfield's workers' compensation claims were settled, and Brumfield's own documentation verifies that Goodyear's workers' compensation carrier paid the full amount required under the

settlement agreement,[5] Brumfield repeatedly demands additional compensation from Goodyear without any comprehensible or coherent basis in law and fact. Brumfield stubbornly holds Goodyear responsible for alleged misconduct by Brumfield's retained attorney, Ms. McElreath; for Brumfield's multiple misunderstandings with the Social Security Administration, which have now spanned twenty years; for his stalking arrests and convictions; for his psychiatric commitment and alleged maltreatment by Georgia psychiatrists; for his cancer diagnosis and surgery in 2010; and most recently, for various typographical errors or other miscellaneous mistakes on paperwork prepared by individuals entirely unrelated to Goodyear. Brumfield has repeatedly asserted unsubstantiated complaints against Goodyear, all stemming back to the same few years in the 1990's when he worked for Goodyear, and to the same fully-resolved workers' compensation claims, although all of his cases and complaints have been rejected. Indeed, a Georgia state court issued a prefiling injunction against Brumfield in 1999 because Brumfield's was found to be harassing Goodyear and its employees with duplicative, vexatious, and meritless claims. In federal district courts, Brumfield has filed eleven other civil actions since 2003. Although not all of the lawsuits have named Goodyear as a defendant, they all have generally dealt with the same issues set forth herein.

As to the second factor, Brumfield has yet to demonstrate a good faith basis for any of the claims he asserts against Goodyear. Despite having the claims dismissed on multiple occasions and by different courts, Brumfield continues to re-file them. Moreover, Brumfield's other actions suggest that his true intention is merely to harass Goodyear and its employees. In 2000, Goodyear, its attorneys, and its workers' compensation carrier

---

[5] *See also* ECF No. 32-2.

obtained a permanent injunction and restraining order against Brumfield. According to the petition, Brumfield had been making harassing telephone calls, was serving documents on employees, and was trespassing on Goodyear's property. (ECF No. 32-4 at 2). In June 2003, Brumfield was arrested on two counts of making harassing calls and two counts of aggravated stalking, (*Id.* at 5). He was later incarcerated for his ongoing pursuit of Goodyear, Travelers, and its employees. In addition to filing lawsuits against Goodyear, Brumfield has lodged complaints against Goodyear with the Department of Justice, the Internal Revenue Service, and the West Virginia Securities Division. By Brumfield's own admission, he continues to sue Goodyear and the others, because he wants "vengence [sic] for what thats did to me over my money in Ga." (ECF No. 35 at 2).

The burden on the courts and Goodyear is plain. Not only has Goodyear been forced to retain attorneys both in Georgia and West Virginia, but Goodyear's employees and agents have been compelled to contend with Brumfield's relentless obsession with his 1995 payroll deductions and workers' compensation settlement. As for the courts, multiple District Judges and Magistrate Judges have labored to understand Brumfield's pleadings and supporting documents. Countless hours have been spent in an effort to unravel the same convoluted and indecipherable allegations only to conclude that no conceivable or viable cause of action exists, even when viewing the operative facts in the light most favorable to Brumfield.

Considering the length of time that has passed since Brumfield terminated his employment with Goodyear; the number of unsuccessful lawsuits he has filed in which his workers' compensation settlement has played a central role; and the fact that even a permanent injunction, restraining orders, and incarceration in the State of Georgia have not deterred him; the undersigned finds that any measure less drastic than a prefiling

24

injunction will not be effective in this case. Accordingly, the undersigned recommends that the presiding District Judge Court grant Goodyear's request to consider imposition of a prefiling injunction and issue an order requiring Brumfield to show cause why the Court should not grant an injunction that would prohibit Brumfield, without leave of court, from instituting any additional civil action against Goodyear in the Southern District of West Virginia related to or arising from (a) his workers compensation claims and settlement, (b) his Social Security disability benefits; (c) his union payroll checks, and/or (d) any pension, unemployment, or other benefit in any way connected to his employment at Goodyear between 1992 and 1995.

## VI.   <u>Conclusion</u>

For the stated reasons, the undersigned **FINDS** that Plaintiff William Brumfield complaint against Defendant Goodyear Tire & Rubber Company (1) fails to comply with Federal Rules of Civil Procedure 8 and 10; (2) fails to state a claim for which relief may be granted; and (3) is barred by the doctrine of res judicata under 28 U.S.C. § 1915(e). The undersigned further **FINDS** that Plaintiff's complaint against the remaining defendants fails to survive the frivolity screening. Therefore, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Defendant Goodyear Tire & Rubber Company's Motion to Dismiss (ECF No. 31) be **GRANTED**, that the complaint be **DISMISSED**, in its entirety, and this matter be removed from the docket of the Court.

Finally, the undersigned **FINDS** that Goodyear Tire & Rubber Company has stated sufficient grounds to entitle it the entry of a prefiling injunction, prohibiting Plaintiff him from filing, without first obtaining leave of court, any additional lawsuits in the United States District Court for the Southern District of West Virginia naming Goodyear as a

25

defendant, which assert the same or similar claims arising out of the same or similar facts as are stated in the complaint and attached documentation filed herein. Therefore, the undersigned **RECOMMENDS** that the presiding District Judge Court grant Goodyear's request to consider imposition of a prefiling injunction and issue an order requiring Brumfield to show cause why the Court should not grant an injunction that would prohibit Brumfield, without leave of court, from instituting any additional civil action **against Goodyear** in the Southern District of West Virginia related to or arising from (a) his workers compensation claims and settlement, (b) his Social Security disability benefits; (c) his union payroll checks, and/or (d) any pension, unemployment, or other benefit in any way connected to his employment at Goodyear between 1992 and 1995.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727

F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

**DATE:**  March 11, 2016

Cheryl A. Eifert
United States Magistrate Judge

27